UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY LEE JOHNSTON, JR.,

      Plaintiff,

  v.                                      CIVIL ACTION NO.: 07-13527
                                          Honorable Patrick J. Duggan

FEDERAL BUREAU OF INVESTIGATIONS,
U.S. DISTRICT COURT AND/OR
JUDGE LA PLATA, KAREN RENOLDS,
UNITED STATES DEPARTMENT OF
JUSTICE, and FEDERAL BUREAU OF
PRISONS,

      Defendants.
_____/

## ORDER OF DISMISSAL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on September 5, 2007.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

In a *pro se* complaint filed August 21, 2007, plaintiff Jerry Lee Johnston Jr. alleges that "[t]he government made gross violations of [his] civil rights in this case." Although plaintiff fails to specify the case in which his civil rights allegedly were violated, it appears from his complaint that he is referring to prior criminal action 94-90045. In that case, assigned to retired United States District Court Judge George La Plata, plaintiff pleaded guilty to two counts of wire fraud and aiding and abetting bank fraud on April 11,

1994. Plaintiff seeks an award of damages arising from the alleged constitutional violations. He has been granted leave to proceed in forma pauperis in this action.

Pursuant to 28 U.S.C. § 1915, plaintiff's lawsuit must be dismissed if the Court determines *inter alia* that the action is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

Plaintiff's complaint is frivolous and fails to state a claim because his success in this action would demonstrate the invalidity of his arrest, prosecution, and/or incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 499 & n. 14, 93 S. Ct. 1827, 1841 & n. 14 (1973) The proper remedy for making a constitutional challenge to the fact or length of confinement is a habeas petition or, in the case of a federal conviction, a motion to vacate pursuant to 28 U.S.C. § 2255. *Id*. Moreover, a prisoner has no right to money damages where success would necessarily imply the invalidity of his conviction or sentence. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1247-48 (2005) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S. Ct. 2364, 2372 (1994)).[1]

---

[1] Although *Heck* dealt with a state prisoner's civil rights complaint under 42 U.S.C. § 1983, *Heck* also applies when the complaint arises from actions leading to the initiation of a federal prosecution. *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397 n.4 (6th Cir. 1999), *abrogated on other grounds by Wallace v. Kato*, __ U.S. __, 127 S. Ct. 1091 (2007).

Furthermore, Judge La Plata and Assistant United States Attorney Karen Reynolds are immune from plaintiff's claims. "It is well established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S. Ct. 1213 (1967)). Similarly, a prosecutor acting within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the state's case is absolutely immune from civil suits for alleged deprivations of the accused's constitutional rights. *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 995 (1976); *Hampton v. Marion*, 98 Fed. App'x 410, 412 (6th Cir. 2004). Finally, plaintiff cannot bring this action against the Federal Bureau of Investigations, the United States District Court, the United States Department of Justice, or the Federal Bureau of Prisons, as *Bivens*[2] actions cannot be brought against agencies of the federal government. *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S. Ct. 96, 1005-1006 (1994).

For the above reasons, this Court holds that plaintiff's complaint must be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). The Court further holds that an appeal from this order would be frivolous also and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

---

[2] A *Bivens* action is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials in their individual capacities who have allegedly denied a plaintiff his or her constitutional rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Sct. 1999 (1971); *FDIC v. Meyer*, 510 U.S. 471, 484-86, 114 S. Ct. 96, 1005-06 (1994).

**SO ORDERED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copy to:
Jerry Lee Johnston, Jr.
4108 El Parque
Las Vegas, Nevada 89102